UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PISHON HOLDING LLC, a Limited Liability Company, SUNG HONG a/k/a LAWRENCE HONG OR LAURENCE HONG an individual, and HYUN JOO HONG a/k/a GRACE HONG an individual,<br><br>Defendants. | FILED UNDER SEAL<br><br>CASE NO. 17-CV-00847JLR<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND OTHER EQUITABLE RELIEF, RESTITUTION, CIVIL MONETARY PENALTIES UNDER THE COMMODITY EXCHANGE ACT |

Plaintiff U.S. Commodity Futures Trading Commission ("Commission" or "CFTC"), by its attorneys, alleges as follows:

## I. SUMMARY

1. From at least September 1, 2015 through the present (the "Relevant Period"), Defendants Pishon Holding, LLC ("Pishon"), by and through its employees and agents Sung Hong a/k/a Lawrence or Laurence Hong ("Laurence Hong") and Hyun Joo Hong a/k/a Grace Hong ("Grace Hong"), (collectively "Defendants"), and Laurence and Grace Hong directly, fraudulently solicited more than $11 million from customers for trading commodity futures contracts ("futures"). Laurence and Grace Hong fraudulently solicited prospective and current customers at a church gathering, in a subsequent YouTube video of that gathering, and in oral solicitations with one or more customers. Defendants also fraudulently solicited customers by

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

1

making numerous false statements in their written solicitation materials including: 1) Pishon only charges a performance fee when or if the account is profitable; 2) Pishon's fund is constituted so that 50% of the fund has a "risk free rate of return;" and 3) Grace Hong "maintains her 65 (uniform investment advisor) securities licenses (*sic*)." As described in greater detail below, these written statements were false. Moreover, Defendants also fraudulently omitted to tell customers that, in 2008, Laurence Hong was sentenced to 33 months in prison in connection with soliciting and misappropriating investment funds from, among others, members of a Bellevue, Washington church in which Hong's mother was a member.

2. By virtue of this conduct and the further conduct described herein, Defendants have violated the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6b(a)(1)(A) and (C) (2012).

3. Laurence and Grace Hong committed the acts and omissions described herein within the course and scope of their agency, employment, or office with Pishon; therefore, Pishon is liable under 7 U.S.C. § 2(a)(1)(B) (2012) and 17 C.F.R § 1.2 (2011) as principal for its agents' acts and omissions constituting violations of the Act.

4. Grace Hong is liable under 7 U.S.C. § 13c(b) (2012), as a controlling person of Pishon, for Pishon's violations of the Act because she failed to act in good faith or knowingly induced, directly or indirectly, the acts constituting the violations.

5. Accordingly, pursuant to 7 U.S.C. § 13a-1 (2012), the CFTC brings this action to enjoin Defendants' unlawful acts and practices and to compel their compliance with the Act. In addition, the CFTC seeks restitution, civil monetary penalties and remedial ancillary relief, including,

Complaint                                                                                              Alison B. Wilson
                                                                                                       CFTC
                                                                                                       1155 21st Street, NW
                                                                                                       Washington, DC 20581
                                                                                                       202-418-5568

but not limited to, trading and registration bans, disgorgement, rescission, pre- and post-judgment interest, and such other relief as the Court may deem necessary and appropriate.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the conduct and transactions at issue in this case pursuant to 7 U.S.C. § 13a-1 (2012).

7. The CFTC is authorized pursuant to 7 U.S.C. § 13a-1(a) (2012), to seek injunctive relief in district court against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

8. Venue properly lies with this Court pursuant to 7 U.S.C. §13a-1(e) (2012), because (i) Pishon Holding, L.L.C. is incorporated as a Washington Limited Liability Company (ii) Laurence and Grace Hong reside in this District, and (iii) certain of the transactions, acts, practices, and courses of business alleged to have violated the Act occurred, are occurring, and/or are about to occur within this District.

## III. PARTIES

9. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with the administration and enforcement of the Act, 7 U.S.C. §§ 1-26 (2012) and the Regulations promulgated thereunder, 17 C.F.R. §§1.1-190.10 (2017). The CFTC maintains its principal office at Three Lafayette Centre, 1155 21st Street NW, Washington, D.C. 20581.

10. Defendant **Pishon Holding, LLC** is a Washington Limited Liability Company

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

with its last known place of business at 8918 24th St. NE Clyde Hill, WA 98004. Pishon has never been registered with the Commission in any capacity.

11. Defendant **Sung Hong a/k/a Lawrence or Laurence Hong** is an individual who, during the Relevant Period, resides in Bellevue, Washington. Laurence Hong has never been registered with the CFTC in any capacity.

12. Defendant **Hyun Joo Hong a/k/a Grace Hong** is an individual who, during the Relevant Period, resides either in Bellevue, Washington or in Clyde Hill, Washington. Grace Hong is a founder, principal, manager, and/or officer of Pishon and was responsible for this company's acts. Grace Hong was listed with the CFTC as a principal of Pishon Capital Management from March 23, 2015 until December 23, 2015. Other than this, she has never been registered with the CFTC.

## IV.   FACTS

13. Upon information and belief, from at least September 1, 2015 through the present, Laurence and/or Grace Hong fraudulently solicited more than $11 million from customers for trading commodity futures contracts ("futures") *via* Pishon.

14. Upon instruction from Laurence and/or Grace Hong, customers sent funds directly to Interactive Brokers ("IB"), a future commission merchant ("FCM") that segregated the customer funds into separate accounts. Each customer then provided Pishon with discretionary authority to "buy, sell or hold securities, cash or other investments for Client's account(s) at the sole discretion of Advisor and without first consulting Client. Such securities may include, but are not limited to, interests in futures, commodity derivatives, common or

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

4

preferred stock, convertible stocks or bonds, options, warrants, rights, corporate, municipal, or government bonds, and notes or bills."

15. A customer signed a trading authorization form that represented that Pishon would act as Advisor and control the futures trading on behalf of the customer's specific trading accounts. This provided Laurence and Grace Hong access to customer funds.

16. Laurence and Grace Hong solicited customers at a religious gathering, on a YouTube video of that gathering, in direct solicitations, and through written solicitations.

17. In August 2016, Laurence and Grace Hong spoke at a Shekinah Worship Center conference event. This event was recorded and the resulting video was posted on YouTube. In introducing the Hongs, a Shekinah Worship Center Pastor noted that Laurence Hong was a micro-trader for a hedge fund and that he manages a little over $2 billion. The Pastor further stated that Laurence Hong has a successful trading track record. As an example, the Pastor explained, if you had given Laurence Hong $1 million in 2001, by 2011 you would have $57 million.

18. Upon information and belief, Laurence and Grace Hong told the Pastor these misrepresentations sometime before the conference event.

19. After hearing the Pastor's statements, neither Grace nor Laurence Hong corrected the misrepresentations.

20. Upon further information and belief, these two statements are false. In fact, as described in para 31 below, Laurence Hong was incarcerated for 33 months beginning in 2008 in connection with defrauding church members in an investment scheme and misappropriating

Complaint                                              Alison B. Wilson
                                                       CFTC
                                                       1155 21st Street, NW
                                                       Washington, DC 20581
                                                       202-418-5568

their funds.

21. The misrepresentations made at the conference event were preserved in a YouTube video. As a result of both the conference event and the YouTube video, several customers opened futures trading accounts with Pishon as their "advisor."

22. In addition to the church gathering and YouTube video, Laurence Hong made a series of misrepresentations to one or more customers.

23. Laurence Hong told one or more customers that there would be no fees taken other than from profits. However, IB trading records show fees being taken by Pishon even when customer accounts were not profitable.

24. Laurence Hong told one or more customers that he runs a multi-billion dollar fund. Laurence Hong's statement that he manages billions is untrue. Defendants have approximately $11 million under management.

25. Laurence Hong told one or more customers that he has been active trading since 1999 and was profitable during the 2008 financial crisis. This statement is untrue since, as set out in paragraph 31, Laurence Hong was incarcerated in 2008.

26. In their written solicitation materials to prospective customers, Laurence and Grace Hong made numerous false statements including: 1) Pishon only charges a performance fee when or if the account is profitable; 2) Pishon's fund is constituted so that 50% of the fund has a "risk free rate of return;" and 3) Grace Hong "maintains her 65 (uniform investment advisor) securities licenses (sic)."

27. Despite their representations in the written solicitation materials that customers

Complaint                                                          Alison B. Wilson
                                                                   CFTC
                                                                   1155 21st Street, NW
                                                                   Washington, DC 20581
                                                                   202-418-5568

6

would only be charged a management fee if the account were profitable, Defendants buried a clause in their customer investment agreements that permitted Pishon to be paid a 25% performance fee based on the quarterly account value, regardless of whether the account is profitable. The customer investment agreement was then provided to IB and provided a basis for IB to permit Laurence and Grace Hong to withdraw customer funds.

28. In fact, corporate banking records show that the "performance" fee was withdrawn from client accounts and paid to Pishon's IB account. Money was then transferred to Pishon's bank account for Laurence and Grace Hong's personal use.

29. In addition, Defendants guarantee of a risk free rate of return (for 50% of the fund) is inherently fraudulent.

30. Moreover, there is no evidence that Grace Hong ever held a series 65 license.

31. Laurence and Grace Hong also omitted to tell prospective and current customers that Laurence Hong is a felon. In the criminal case *United States v. Hong*, Sung "Lawrence" Hong pled guilty to wire fraud (18 U.S.C. §1343) in connection with an investment scheme. In 2008, Hong was sentenced to 33 months in prison and ordered to pay $870,834.00 in restitution, including $215,000 that came from members of a Bellevue, Washington church in which Hong's mother was a member.

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

### V.  VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND REGULATIONS

### COUNT ONE

### SOLICITATION FRAUD IN CONNECTION WITH COMMODITY FUTURES CONTRACTS

### VIOLATION OF 7 U.S.C. §§ 6b(a)(1)(A) and (C)

32. The allegations set forth in paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. 7 U.S.C. §§ 6b(a)(1)(A) and (C) make it unlawful for any person, in or in connection with any order to make or the making of a futures contract, for or on behalf of any other person, (A) to cheat or defraud or attempt to cheat or defraud another person, (B) willfully to make or cause to be made to the other person any false report or statement or willfully to enter or cause to be entered for the other person any false record, or (C) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract.

34. As set forth above, Defendants violated 7 U.S.C. §§ 6b(a)(1)(A) and (C), by making material misrepresentations regarding, among other things, the management fee, the lack of risk associated with trading with defendants, Grace Hong's background and omitted material information such as Laurence Hong's past misappropriation in connection with investment funds for which he was sentenced to prison.

35. Defendants made these misrepresentations and failed to disclose material facts knowingly or with a reckless disregard as to their truth or falsity.

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

36. The foregoing acts, misrepresentations, omissions, and failures of Laurence and Grace Hong occurred within the scope of their employment, office, or agency with Pishon. Therefore, pursuant to 7 U.S.C. § 2(a)(1)(B), Pishon is liable as a principal for each act, omission, or failure of Lawrence and Grace Hong constituting violations of 7 U.S.C. §§ 6b(a)(1)(A) and (C).

37. Grace Hong, directly or indirectly, controlled Pishon, and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting Pishon's violations of 7 U.S.C. §§ 6b(a)(1)(A) and (C). Therefore, pursuant to 7 U.S.C. § 13c(b), Grace Hong is liable for each of Pishon's violations of 7 U.S.C. §§ 6b(a)(1)(A) and (C).

## VI.   RELIEF REQUESTED

**WHEREFORE,** the Commission respectfully requests that the Court, as authorized by 7 U.S.C. § 13a-1 (2012), and pursuant to its own equitable powers, enter:

a) An order finding that Defendants violated 7 U.S.C. §§ 6b(a)(1)(A) and (C);

b) An order of permanent injunction prohibiting Defendants and any of their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with any Defendant, including any successor thereof, from, directly or indirectly:

(i) engaging in conduct in violation of 7 U.S.C. §§ 6b(a)(1)(A) and (C);

(ii) trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

(iii) entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3(yy) (2017)) for his own personal or proprietary account or

Complaint                                                       Alison B. Wilson
                                                                CFTC
                                                                1155 21st Street, NW
                                                                Washington, DC 20581
                                                                202-418-5568

9

for any account in which he has a direct or indirect interest for their own personal account or for any account in which they have a direct or indirect interest;

  (iv) having any commodity interests traded on their behalf;

  (v) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

  (vi) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

  (vii) applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.41(a)(9) (2017); and

  (viii) acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2016)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.41(a)(9);

  c) An order directing Defendants, as well as any successors to any Defendant, to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts or practices which constitute violations of the Act as described herein, and pre- and post-judgment interest thereon from the date of such violations;

  d) An order directing Defendants to make full restitution to every person or entity whose funds Defendants received or caused another person or entity to receive as a result of acts and practices that constituted violations of the Act as described herein, and pre- and post-

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

judgment interest thereon from the date of such violations;

e) An order directing each Defendant to pay a civil monetary penalty for each violation of the Act described herein, plus post-judgment interest, in the amount of the higher of: 1) $152,243 for each violation of the Act; or 2) triple the monetary gain to the Defendants for each violation of the Act plus post-judgment interest;

f) An order directing Defendants and any successors thereof, to rescind, pursuant to such procedures as the Court may order, all contracts and agreements, whether implied or express, entered into between them and any of the customers and customers whose funds were received by them as a result of the acts and practices which constituted violations of the Act, as described herein;

g) An order requiring Defendants to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) (2012); and

h) An order providing such other and further equitable or remedial ancillary relief as the Court deems proper.

Respectfully Submitted,

Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
Division of Enforcement
Three Lafayette Centre
1155 21st Street NW
Washington, DC 20581
(202) 418-5000
(202) 418-5538 (facsimile)

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

*[signature: Alison B. Wilson]*
Alison B. Wilson
D.C. Bar No. 475992
Chief Trial Attorney
awilson@cftc.gov
(202) 418-5568

Kim G. Bruno
D.C. Bar No. 389899
Senior Trial Attorney
kbruno@cftc.gov
(202) 418-5368

Ilana Waxman
D.C. Bar No. 1012358
Trial Attorney
iwaxman@cftc.gov
(202) 418-5867

June 1, 2017

Complaint

Alison B. Wilson
CFTC
1155 21st Street, NW
Washington, DC 20581
202-418-5568

12