UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PISHON HOLDING LLC, a Limited Liability Company, SUNG HONG a/k/a LAWRENCE HONG OR LAURENCE HONG an individual, and HYUN JOO HONG a/k/a GRACE HONG an individual,<br><br>Defendants. | CASE NO. 17 CV - 00847<br><br>[~~PROPOSED~~] CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF |

On June 1, 2017, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") filed a *Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act* ("Complaint") against Pishon Holding LLC ("Pishon") and Sung Hong a/k/a Lawrence Hong or Laurence Hong and Hyun Joo Hong a/k/a Grace Hong, charging them with violations of the certain anti-fraud and registration provisions of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 *et seq.* (2012), and the Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2016).

On June 1, 2017, upon the CFTC's *Ex Parte Motion for a Statutory Restraining Order, Expedited Discovery and Equitable Relief and Motion for a Preliminary Injunction*, the Court: (1) entered a statutory restraining order ("SRO"), without bond, that (a) froze the assets of Lawrence Hong, Grace Hong, and Pishon, (b) prohibited Lawrence Hong, Grace Hong, and

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

1

1  Pishon from destroying books and records, and (c) authorized the Commission to immediately
2  inspect and copy non privileged books and records; and (2) ordered Lawrence Hong, Grace
3  Hong, and Pishon to appear before the Court on June 12, 2017 at 8:30 a.m., to show cause, if
4  there be any, why an Order for Preliminary Injunction should not be granted to prohibit further
5  violations of the CEA and the Regulations and why the other relief requested by the CFTC
6  should not be granted pending trial on the merits of this action.
7
8  Defendants Pishon and Grace Hong ("Defendants"), without admitting or denying the
9  allegations of the CFTC's Complaint for purposes of this *Order of Preliminary Injunction and*
10 *Other Equitable Relief* ("Order"), except as to venue and the Court's jurisdiction over the
11 Defendants, which they admit, consent to the entry of this Order and state that this consent is
12 entered into voluntarily and that no promise or threat has been made by the CFTC or any
13 member, officer, agent or representative thereof, to induce them to consent to this Order. For the
14 purposes of this Order, Defendants also waive the entry of findings of fact and conclusions of
15
16 law pursuant to Rule 52 of the Federal Rules of Civil Procedure.
17 Based on the evidence Plaintiff submitted to the court,
18 ∧ ~~As~~ it appears to the Court that ~~there is good cause to believe~~ that the Defendants have
   ∧Plaintiff has made a prima facie showing
19 engaged, are engaging in, or are about to engage in violations of the CEA and the Regulations,
   ∧ and there
20 and that this is a proper case for granting a preliminary injunction against Defendants to preserve  is a
                                                                                                        reasonable
21 the status quo, protect public customers from further loss and damage, and enable the CFTC to  likelihood
                                                                                                   of future
22 fulfill its statutory duties, the Court finds as follows:                                       violations
23                                            ∧
24 See 7 U.S.C. § 13a-1(a)-(c); U.S. Commodity F.T.C. v. Yu,
   No. 12-CV-3021 YGR, 2012 WL 3283430, at *4 (N.D. Cal. 2012).
25
26
27 ~~Proposed~~ Consent Order of Preliminary
   Injunction and Other Equitable Relief                    CFTC
28                                                          1155 21st St, NW
                                                            Washington, DC 20582
                                                            202-418-5568

2

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and over the parties hereto pursuant to 7 U.S.C. §§ 13a-1 and 2(c)(2)(D) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the CEA or any rule, regulation, or order thereunder.

2. ~~Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e) (2012) in that Defendants are found, inhabit, or transact business in this district, and the acts and practices in violation of the CEA and the Regulations have occurred, are occurring, or are about to occur within this district.~~

**RELIEF GRANTED**

**I. PROHIBITION FROM VIOLATIONS OF THE ACT AND THE REGULATIONS**

**THE PARTIES AGREE AND IT IS HEREBY ORDERED THAT:**

3. Defendants, and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendants, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly engaging in any conduct in violation of 7 U.S.C. §§ 6b(a)(1)(A) and (C).

4. Defendants are also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

defined in 7 U.S.C. § 1a(40) (2012));

b. Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3(yy) (2016)) for their own personal or proprietary account or for any account in which either of them has a direct or indirect interest;

c. Having any commodity interests traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9) (2016); and

g. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2016)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9) (2016).

Proposed Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

II. **FORCE AND EFFECT**

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

5. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The SRO previously ordered by the Court on June 1, 2017, (Dkt. #5) shall remain in full force and effect until further order of this Court, with the exception of those provisions of Paragraph 29 pertaining to the show cause/preliminary injunction hearing scheduled for June 12, 2017, at 8:30 a.m., which is hereby canceled. (See also 6/8/17 Order (Dkt. #9) (extending preliminary injunction hearing to June 26, 2017, at 2:00 p.m.).)

III. **MISCELLANEOUS**

7. As an agency of the United States of America, and pursuant to 7 U.S.C. § 13a-1(b) (2012), Plaintiff CFTC need not post a bond.

8. Consent to this Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this agreement that is delivered by facsimile or electronic mail shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this agreement.

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

IT SO ORDERED, at Seattle, Washington on this __23rd__ day of June, 2017 at __8:50__ (a.m.)/p.m.

_/s/ James L. Robart_
UNITED STATES DISTRICT JUDGE
JAMES L. ROBART

CONSENTED AND APPROVED BY:

_/s/ Alison B. Wilson_                                6/22/17
Alison B. Wilson                                        DATE
U.S. Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581
(202) 418-5568
Attorney for Plaintiff

_/s/_                                                           6/20/17
PISHON HOLDING LLC,          DATE

_/s/_                                                           6/20/17
Hyun Joo Hong a/k/a/ Grace Hong, Individually    DATE

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568