UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PISHON HOLDING LLC, a Limited Liability Company, SUNG HONG a/k/a LAWRENCE HONG OR LAURENCE HONG an individual, and HYUN JOO HONG a/k/a GRACE HONG an individual, <br><br> Defendants. | CASE NO. 17 CV - 00847 <br><br> [~~PROPOSED~~] CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF |

On June 1, 2017, Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") filed a *Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act* ("Complaint") against Pishon Holding LLC ("Pishon") and Sung Hong a/k/a Lawrence Hong or Laurence Hong and Hyun Joo Hong a/k/a Grace Hong, charging them with violations of the certain anti-fraud and registration provisions of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1 *et seq.* (2012), and the Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1.1 *et seq.* (2016).

On June 1, 2017, upon the CFTC's *Ex Parte Motion for a Statutory Restraining Order, Expedited Discovery and Equitable Relief and Motion for a Preliminary Injunction*, the Court: (1) entered a statutory restraining order ("SRO"), without bond, that (a) froze the assets of Lawrence Hong, Grace Hong, and Pishon, (b) prohibited Lawrence Hong, Grace Hong, and

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21ˢᵗ St, NW
Washington, DC 20582
202-418-5568

Pishon from destroying books and records, and (c) authorized the Commission to immediately inspect and copy non privileged books and records; and (2) ordered Lawrence Hong, Grace Hong, and Pishon to appear before the Court on June 12, 2017 at 8:30 a.m., to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the CEA and the Regulations and why the other relief requested by the CFTC should not be granted pending trial on the merits of this action.

Defendant Lawrence Hong ("Defendant"), without admitting or denying the allegations of the CFTC's Complaint for purposes of this *Order of Preliminary Injunction and Other Equitable Relief* ("Order"), except as to venue and the Court's jurisdiction over the Defendant, which he admits, consents to the entry of this Order and states that this consent is entered into voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent or representative thereof, to induce them to consent to this Order. For the purposes of this Order, Defendant also waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Based on the evidence Plaintiff submitted to the court, ~~As~~ it appears to the Court that ~~there is good cause to believe~~ that the Defendant has Plaintiff has made a prima facie showing engaged, is engaging in, or is about to engage in violations of the CEA and the Regulations, and that this is a proper case for granting a preliminary injunction against Defendant to preserve the status quo, protect public customers from further loss and damage, and enable the CFTC to fulfill and there is a reasonable likelihood of future violations its statutory duties, the Court finds as follows:

See 7 U.S.C. § 13a-1(a)-(c); <u>U.S. Commodity F.T.C. v. Yu</u>, No. 12-CV-3921 YGR, 2012 WL 3283430, at *4 (N.D. Cal. 2012).

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

THE PARTIES AGREE AND THE COURT FINDS THAT:

1. This Court has jurisdiction over the subject matter of this action and over the parties hereto pursuant to 7 U.S.C. §§ 13a-1 and 2(c)(2)(D) (2012), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the CEA or any rule, regulation, or order thereunder.

2. ~~Venue lies properly within this District pursuant to 7 U.S.C. § 13a-1(e) (2012) in that Defendant is found, inhabits, or transacts business in this district, and the acts and practices in violation of the CEA and the Regulations have occurred, are occurring, or are about to occur within this district.~~

## RELIEF GRANTED

### I. PROHIBITION FROM VIOLATIONS OF THE ACT AND THE REGULATIONS
### THE PARTIES AGREE AND IT IS HEREBY ORDERED THAT:

3. Defendant, and all persons insofar as they are acting in the capacity of agents, servants, employees, successors, assigns, or attorneys of Defendant, and all persons insofar as they are acting in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from, directly or indirectly engaging in any conduct in violation of 7 U.S.C. §§ 6b(a)(1)(A) and (C).

4. Defendant is also restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

b. Entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3(yy) (2016)) for their own personal or proprietary account or for any account in which either of them has a direct or indirect interest;

c. Having any commodity interests traded on their behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9) (2016); and

g. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2016)), agent, or any other officer or employee of any person registered, exempted from registration, or required to be registered with the CFTC, except as provided for in 17 C.F.R. § 4.14(a)(9) (2016).

~~Proposed~~ Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

4

## II. FORCE AND EFFECT

**THE PARTIES AGREE AND IT IS FURTHER ORDERED THAT:**

5. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes. The SRO previously ordered by the Court on June 1, 2017, (Dkt. #5) shall remain in full force and effect until further order of this Court, with the exception of those provisions of Paragraph 29 pertaining to the show cause/preliminary injunction hearing scheduled for June 12, 2017, at 8:30 a.m., which is hereby canceled. (See also 6/8/17 Order (Dkt. #9) (extending preliminary injunction hearing to June 26, 2017, at 2:00 p.m.).)

## III. MISCELLANEOUS

7. As an agency of the United States of America, and pursuant to 7 U.S.C. § 13a-1(b) (2012), Plaintiff CFTC need not post a bond.

8. Consent to this Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this agreement that is delivered by facsimile or electronic mail shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this agreement.

Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

1  IT SO ORDERED, at Seattle, Washington on this **23rd** day of June, 2017 at
2  **8:50** (a.m)/p.m.

*[signature]*

UNITED STATES DISTRICT JUDGE
JAMES L. ROBART

CONSENTED AND APPROVED BY:

*[signature]*   6/22/17
Alison B. Wilson                              DATE
U.S. Commodity Futures Trading Commission
1155 21st Street NW
Washington, DC 20581
(202) 418-5568
Attorney for Plaintiff


*[signature]*   6/22/17
Sung Hong a/k/a Lawrence Hong or Laurence Hong, Individually   DATE


Proposed Consent Order of Preliminary
Injunction and Other Equitable Relief

CFTC
1155 21st St, NW
Washington, DC 20582
202-418-5568

6