| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PISHON HOLDING LLC, SUNG HONG a/k/a LAWRENCE HONG; and HYUN JOO HONG a/k/a GRANCE HONG,<br><br>Defendants. | CASE NO. C17-847-MJP<br><br>ORDER GRANTING MOTION FOR LIMITED RELIEF FROM STAY, GRANTING MOTION TO SET ASIDE DEFAULT, AND GRANTING LEAVE TO AMEND COMPLAINT |

THIS MATTER comes before the Court on the U.S. Commodity Futures Trading Commission's ("CFTC") Motion for Limited Relief from Stay as to Defendant Grace Hong (Dkt. No. 39), Motion to Set Aside Default as to Defendants Pishon Holding LLC and Lawrence Hong (Dkt. No. 40), and Motion for Leave to Amend Complaint (Dkt. No. 41).

The CFTC alleges that, since September 2015, Defendants have fraudulently solicited more than $11 million from customers of commodity futures contracts. (See Dkt. No. 1.) Because there is a co-pending criminal case, United States v. Hong, Case No. 17-CR-00163TSZ,

ORDER GRANTING MOTION FOR LIMITED RELIEF FROM STAY, GRANTING MOTION TO SET ASIDE DEFAULT, AND GRANTING LEAVE TO AMEND COMPLAINT - 1

arising out of the same allegations, the civil case is currently stayed. (See Dkt. No. 34.) On June 1, 2017, the Court entered an ex parte Statutory Restraining Order ("SRO") to prevent Defendants from concealing assets. (See Dkt. No. 5.) Under the terms of the SRO, Ms. Hong was permitted to maintain only a single checking account, and agreed to "deposit into this checking account all income, monetary gains, or other pecuniary proceeds." (Dkt. No. 39 at 4.) The CFTC alleges that Ms. Hong violated the SRO by having a deposit for a cancelled yacht order transferred to her mother-in-law rather than into the checking account. (Id. at 4.)

The CFTC now moves to (1) have the default entered against Pishon Holding LLC and Mr. Wong set aside so that it may amend the complaint to add claims for misappropriation; (2) amend the complaint to add a claim for misappropriation; and (3) lift the stay for the limited purpose of conducting discovery into whether Ms. Hong violated the terms of the SRO. (See Dkt. Nos. 39, 40, 41.) Ms. Hong, through counsel, objects in light of "the on-going, labor intensive progression of the highly complex criminal prosecution underlying this civil matter." (Dkt. No. 42 at 2.)

The Court finds that the CFTC has established good cause for each of its Motions. On the other hand, Ms. Hong has failed to show that she will be prejudiced should they be granted. Therefore, the Court GRANTS the Motion to Set Aside Default as to Defendants Pishon Holding LLC and Lawrence Hong (Dkt. No. 40) and GRANTS the Motion for Leave to Amend Complaint (Dkt. No. 41). The Court GRANTS the Motion for Limited Relief from Stay as to Defendant Grace Hong (Dkt. No. 39), provided that the discovery requested shall not burden Ms. Hong's Fifth Amendment rights.

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated February 15, 2018.

                                                _____
                                                Marsha J. Pechman
                                                United States District Judge