THE HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

PISHON HOLDING LLC, a Limited Liability Company, SUNG HONG a/k/a LAWRENCE HONG OR LAURENCE HONG an individual, and HYUN JOO HONG a/k/a GRACE HONG an individual,

    Defendants.

CASE NO. 2:17 CV- 00847

**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND ANCILLARY EQUITABLE RELIEF AGAINST DEFENDANTS PISHON HOLDING LLC, SUNG HONG, AND HYUN JOO HONG**

This matter comes before the Court on Plaintiff's Motion for Default Judgment against Defendants Pishon Holding LLC ("Pishon"), Sung Hong ("Laurence Hong"), and Hyun Joo Hong ("Grace Hong") (collectively " Defendants") (Docket Entry "D.E." # 67). On June 1, 2017, Plaintiff United States Commodity Futures Trading Commission ("CFTC"), filed a complaint seeking injunctive and other equitable relief, for violations of the Commodity

Order of Default Judgment
Case No. 2:17 CV-00847

1

Exchange Act ("CEA"), 7 U.S.C. §§ 1-26 (2012), and Commission Regulations 17 C.F.R. pt. 1-190 (2018). Upon leave of the Court, Plaintiff filed an amended complaint on February 15, 2018 against all parties. Grace Hong and Pishon received service via PACER. Plaintiff perfected service on Laurence Hong through certified mail on February 28, 2018. D.E. #50. Defendants failed to answer both the initial and the amended complaints. Upon the CFTC's motion, the Clerk entered default against all of the Defendants on June 8, 2018 against all parties. D.E. ## 59-61. As such, the well-pleaded allegations of Plaintiff's complaint and amended complaint are taken as true against Defendants Pishon, Laurence Hong, and Grace Hong.

The Court has reviewed and carefully considered the complaint, the amended complaint, the Plaintiff's Motion for Default Judgment, including the Exhibits and the entire record in this case, and the Court being otherwise advised in the premises, it is hereby:

ORDERED that the CFTC's Motion for Default Judgment against Defendants Pishon, Laurence Hong, and Grace Hong and Request for Entry of a Permanent Injunction and Restitution against Defendants be GRANTED in all respects. Accordingly, the Court enters findings of fact, conclusions of law, and an Order of Final Judgment against Defendants Pishon, Laurence Hong, and Grace Hong and a Permanent Injunction and Restitution ("Order") pursuant to Sections 6c and 6d of the CEA, 7 U.S.C. §§ 13a-1, 13a-2 (2012), as set forth herein.

## I. FINDINGS OF FACT

**THE COURT FINDS:**

**A. The Parties**

1. Plaintiff, **U.S. Commodity Futures Trading Commission** is an independent

Order of Default Judgment
Case No. 2:17 CV-00847

2

federal regulatory agency that is charged by Congress with the administration and enforcement of the Act, 7 U.S.C. §§ 1-26 (2012), and the Regulations promulgated thereunder, 17 C.F.R. §§1.1-190.10 (2017). The CFTC maintains its principal office at Three Lafayette Centre, 1155 21st Street NW, Washington, D.C. 20581.

2. Defendant **Pishon Holding, LLC** is a Washington limited liability company with its last known place of business at 8918 24th Street NE Clyde Hill, WA 98004. Pishon has never been registered with the Commission in any capacity.

3. Defendant **Sung Hong a/k/a Lawrence or Laurence Hong** is an individual who, during the Relevant Period, resided in Bellevue, Washington. Laurence Hong has never been registered with the CFTC in any capacity.

4. Defendant **Hyun Joo Hong a/k/a Grace Hong** is an individual who, during the Relevant Period, resided either in Bellevue, Washington or in Clyde Hill, Washington. Grace Hong is a founder, principal, manager, and/or officer of Pishon and was responsible for this company's acts. Grace Hong was listed with the CFTC as a principal of Pishon Capital Management LLC – a Washington limited liability company - from March 23, 2015 until December 23, 2015. Other than this, she has never been registered with the CFTC.

**B. Defendants' Fraudulent Solicitations**

5. From at least September 1, 2015 through June 1, 2017, Laurence and/or Grace Hong fraudulently solicited more than $11 million from customers for trading commodity futures contracts ("futures") via Pishon. A portion of the $11 million was lost in trading and some returned to customers. The remainder was misappropriated. In total, Defendants misappropriated at least $1,259,317.77.

Order of Default Judgment
Case No. 2:17 CV-00847

3

6. Upon instruction from Defendants, customers sent funds directly to Interactive Brokers ("IB"), a future commission merchant ("FCM") that segregated the customer funds into separate accounts. Each customer then provided Pishon with discretionary authority to "buy, sell or hold securities, cash or other investments for Client's account(s) at the sole discretion of Advisor and without first consulting Client. Such securities may include, but are not limited to, interests in futures, commodity derivatives, common or preferred stock, convertible stocks or bonds, options, warrants, rights, corporate, municipal, or government bonds, and notes or bills."

7. A customer signed a trading authorization form that represented that Pishon would act as Advisor and control the futures trading on behalf of the customer's specific trading accounts. This provided Defendants access to customer funds.

8. Defendants solicited customers at a religious gathering, on a YouTube video of that gathering, in direct solicitations, and through written solicitations usually distributed via electronic mail.

9. In August 2016, Laurence and Grace Hong spoke at a Shekinah Worship Center conference event. This event was recorded and the resulting video was posted on YouTube. In introducing the Hongs, a Shekinah Worship Center Pastor noted that Laurence Hong was a micro-trader for a hedge fund and that he manages a little over $2 billion. The Pastor further stated that Laurence Hong has a successful trading track record. As an example, the Pastor explained, if you had given Laurence Hong $1 million in 2001, by 2011 you would have $57 million.

10. Upon information and belief, Laurence and Grace Hong told the Pastor these

Order of Default Judgment
Case No. 2:17 CV-00847

4

misrepresentations sometime before the conference event.

11. After hearing the Pastor's statements, neither Grace nor Laurence Hong corrected the misrepresentations.

12. These statements are false. In fact in 2008, as described below, Laurence Hong was sentenced to a 33 month incarceration in connection with defrauding an individual in an investment scheme and misappropriating his funds.

13. The misrepresentations made at the conference event were preserved in a YouTube video. As a result of both the conference event and the YouTube video, several customers opened futures trading accounts with Pishon as their "advisor."

14. In addition to the church gathering and YouTube video, Laurence Hong made a series of misrepresentations to one or more customers.

15. Laurence Hong told one or more customers that there would be no fees taken other than from profits. However, IB trading records show fees being taken by Pishon even when customer accounts were not profitable.

16. Laurence Hong told one or more customers that he runs a multi-billion dollar fund. Laurence Hong's statement that he managed billions is untrue. Defendants have approximately $11 million under management.

17. Laurence Hong told one or more customers that he has been active trading since 1999 and was profitable during the 2008 financial crisis. This statement is untrue since as Laurence Hong was incarcerated in 2008.

18. In their written solicitation materials to prospective customers, Defendants made numerous false statements including: 1) Pishon only charges a performance fee when or if the

account is profitable; 2) Pishon's fund is constituted so that 50% of the fund has a "risk free rate of return;" and 3) Grace Hong "maintains her 65 (uniform investment advisor) securities licenses [*sic*]."

19. Despite their representations in the written solicitation materials that customers would only be charged a management fee if the account were profitable, Defendants buried a clause in their customer investment agreements that permitted Pishon to be paid a 25% performance fee based on the quarterly account value, regardless of whether the account is profitable. The customer investment agreement was then provided to IB and provided a basis for IB to permit Defendants to withdraw customer funds.

20. In fact, corporate banking records show that the "performance" fee was withdrawn from client accounts and paid to Pishon's IB account. Money was then transferred to Pishon's bank account for Laurence and Grace Hong's personal use.

21. In addition, Defendants guarantee of a risk free rate of return (for 50% of the fund) is inherently fraudulent.

22. Moreover, there is no evidence that Grace Hong ever held a series 65 license.

23. Defendants also omitted to tell prospective and current customers that Laurence Hong is a felon. In the criminal case *United States v. Hong*, Sung, "Lawrence" Hong pled guilty to wire fraud (pursuant to 18 U.S.C. §1343) in connection with an investment scheme that defrauded an individual. In 2008, Hong was sentenced to 33 months in prison in connection with his fraudulent scheme against his neighbor, and additionally ordered to pay $870,834.00 in restitution. This amount included $215,000 related to a civil judgment concerning a fraud

Order of Default Judgment
Case No. 2:17 CV-00847

6

perpetrated against members of a Bellevue, Washington church in which Hong's mother was a member.

### C. Defendants Misappropriated Customer Funds

24. In addition to fraudulent solicitation, Defendants misappropriated more than $1,259,317.77 in customer funds during the operation of Pishon. They did this in two ways. First, they took commissions and fees based on trading in their customers' futures accounts to which they were not entitled. Second, they had customers send money directly to a Grace Hong controlled bank account ostensibly for the purpose of trading futures on behalf of their customers. Rather than trade these customer funds, Defendants used them for their personal expenses.

*Fees and Commissions*

25. As described in paragraphs 15-16 and 28-29 above, based on Defendants fraudulent representations and omissions, customers opened and funded 12 futures trading accounts at Interactive Brokers ("IB") and funded these futures trading accounts with $10,793,777.

26. As part of the fraudulently induced customer agreements entered into by Defendants' customers and IB, customers "agreed" that Defendants were entitled to a certain percentage of trading profits.

27. From April 2016 until June 2017, Defendants lost approximately $2,563,555.61 trading customers' futures accounts at IB.

Order of Default Judgment
Case No. 2:17 CV-00847

28. Despite these losses and pursuant to the fraudulently induced customer agreements, IB sent Defendants fees and commissions totaling $294,317.77. Defendants were not entitled to these fees and commissions.

29. Also during this time period, customers withdrew monies or transferred their accounts to other broker dealers. The total amount of customer funds returned to customers in these two ways was $7,937,371.80.

30. In sum, Defendants misappropriated at least $294,317.77 by taking fees and commissions to which they were not entitled.

*Grace Hong's Bank Accounts*

31. Beginning in June 2016, some customers were told to direct their funds to one of three Grace Hong controlled bank accounts for the purpose of trading futures. In total, approximately $965,000 of customer funds was deposited directly into these accounts by customers. However, despite Defendants' representations that these customer funds would be used for trading, they were not.

32. Rather than trade customer funds, Laurence and Grace Hong spent the customer funds on personal expenses or to support Defendants' lavish lifestyle.

33. Customers did not give Defendants authority or permission to spend their money in this manner.

34. In summary, Defendants misappropriated approximately $965,000 in customer funds that were deposited into Grace Hong controlled bank accounts for the purported purpose of futures trading.

## II. CONCLUSIONS OF LAW

### A. Jurisdiction and Venue

35. This Court has jurisdiction over the conduct and transactions at issue in this case pursuant to 7 U.S.C. § 13a-l (2012).

36. The CFTC is authorized pursuant to 7 U.S.C. § 13a-l(a) to seek injunctive relief in district court against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

37. Venue properly lies with this Court pursuant to 7 U.S.C. §13a-1(e), because: (i) Pishon Holding, L.L.C. is incorporated as a Washington limited liability company (ii) Laurence and Grace Hong reside in this District; and (iii) certain of the transactions, acts, practices, and courses of business alleged to have violated the Act occurred, are occurring, and/or are about to occur within this District.

### B. Defendants Violated Sections 4b(a)(1)(A) and (C) of the CEA, 7 U.S.C. § 6b(a)(1)(A) and (C) (2012)

38. 7 U.S.C. § 6b(a)(1)(A) and (C) makes it unlawful for any person, in or in connection with any order to make or the making of a futures contract, for or on behalf of any other person, (A) to cheat or defraud or attempt to cheat or defraud another person **** (C) willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any such order or contract or the disposition or execution of any such order or contract.

39. Defendants knowingly or recklessly made material misrepresentations and/or omissions to induce members of the public to engage in commodity futures trading, including but not limited to:

    a. Laurence Hong manages a little over $2 billion;

    b. Laurence Hong has a successful trading track record;

    c. Defendants would not take any fees unless the trading account was profitable;

    d. Laurence Hong was profitable trading during the 2008 financial crisis;

    e. Pishon's fund is constituted so that 50% of the fund has a "risk free rate of return;"

    f. Grace Hong maintains her 65 (uniform investment advisor) securities license; and,

    g. Defendants omitted to tell prospective and current customers that Laurence Hong was incarcerated for 33 months on wire fraud charges.

40. Defendants cheated and defrauded Pishon customers by misappropriating customer funds to which they were not entitled. Defendants misappropriated more than $1,259,317.77 in customer funds during the operation of Pishon.

    a. First, they took commissions and fees based on trading in their customers' futures accounts to which they were not entitled. Despite customer trading losses and pursuant to the fraudulently induced customer agreements, IB sent Defendants fees and commissions totaling $294,317.77. Defendants were not entitled to these fees and commissions.

   b. Second, they had customers send money directly to a Grace Hong controlled bank account ostensibly for the purpose of trading futures on behalf of their customers. In total, approximately $965,000 of customer funds was deposited directly into these accounts by customers. However, despite Defendants' representations that these customer funds would be used for trading, they were not. Rather than trade these customer funds, Defendants used them for their personal expenses.

  **C.** **Derivative Liability**

  41. Under Section 2(a)(1)(B) of the CEA, 7 U.S.C. § 2(a)(1)(B) (2012), and Regulation 1.2, 17 C.F.R. § 1.2 (2018), strict liability is imposed upon principals for the actions of their agents. Laurence and Grace Hong's actions were committed within the scope of their employment with Pishon, and their operation of Pishon's business. Thus, because Laurence and Grace Hong committed the alleged violations while acting on behalf of Pishon, Pishon is liable for Laurence and Grace Hong's individual acts constituting violations of the Act and Regulations pursuant to Section 2(a)(1)(B) of the CEA, 7 U.S.C. § 2(a)(1)(B), and Regulation 1.2, 17 C.F.R. § 1.2 (2018).

### III. <u>ORDER FOR RELIEF</u>

  42. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the CEA, 7 U.S.C. § 13a-1 (2012), Defendants Pishon, Laurence Hong, and Grace Hong are permanently restrained, enjoined and prohibited from directly or indirectly:

   a. engaging in conduct in violation of 7 U.S.C. § 6b(a)(1)(A) and (C);

b. trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

c. entering into any transactions involving "commodity interests" (as that term is defined in 17 C.F.R. § 1.3(yy) (2018)) for their own personal or proprietary account or for any account in which they have a direct or indirect interest;

d. having any commodity interests traded on their behalf;

e. controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

f. soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

g. applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.41(a)(9) (2018); and

h. acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2018), agent, or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.41(a)(9);

43. Defendants Pishon, Laurence Hong, and Grace Hong shall pay restitution in the amount of $1,259,317.77 and shall be jointly and severally liable for such restitution. In

recognition of previously ordered restitution in criminal matter (CR17-163TSZ) involving the same facts and defendants, any restitution payment made in (CR17-163TSZ) will offset this civil restitution in (2:17-CV-00847) on a one-to-one basis.

### III. MISCELLANEOUS PROVISIONS

44. If any provision of this Order or if the application of any provision or circumstance is held invalid, the remainder of the Order and the application of its provisions to any other person or circumstance shall not be affected by the holding.

45. The injunctive and equitable relief provisions of this Order shall be binding upon Defendants Pishon, Laurence Hong, and Grace Hong, upon any person under their authority or control, and upon any person who receives actual notice of this Order by personal service, e-mail, facsimile, or otherwise, insofar as he or she is acting in active concert or participation with them**.**

46. This Court shall retain jurisdiction of this cause to assure compliance with this Order, and for all other purposes related to this action. This Order shall be interpreted and enforced according to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Washington, and all provisions of the Act and Commission Regulations relating or referring to the obligations hereunder.

47. Copies of this Order may be served by any means, including U.S. Mail, facsimile transmission, e-mail, United Parcel Service, and Federal Express, upon Defendants, Relief Defendants, and any other entity or person that may be subject to any provision of this Order.

48. The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and

Order of Default Judgment
Case No. 2:17 CV-00847

13

nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

49. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

50. Notice: All notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

> Rick Glaser
> Deputy Director
> Division of Enforcement
> Commodity Futures Trading Commission
> 1155 21st Street, NW
> Three Layfayette Centre
> Washington, D.C. 20581

51. The Clerk is **directed** to enter judgment accordingly and terminate any pending motions and deadlines related to Defendants Pishon, Laurence Hong, and Grace Hong.

**SO ORDERED** this 27th day of December, 2018 at Seattle, Washington.

*[signature]*

Marsha J. Pechman
United States District Judge